IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Alberto Lopez Romo<br><br>    Plaintiff,<br>v.<br><br>John V Cooper<br>d/b/a Cooper Do Right Rooter Drain Specialists<br><br>    Defendants. | Case No. 1:22-5899<br><br>PLAINTIFF DEMANDS<br>TRIAL BY JURY |

## COMPLAINT

Plaintiffs, Alberto Lopez Romo or "Plaintiff", by and through his attorneys, Daniel I. Schlade and James M. Dore, complain against John V Cooper d/b/a Cooper Do Right Rooter Drain Specialists ("Defendant" or "Cooper"). In support of this Complaint, Plaintiff states:

### Introduction

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed.

### Parties

2. Romo is a resident of Chicago, Illinois; and he was employed by Cooper.

3. Cooper is a sole proprietorship business that is located and conducts business in Chicago, Illinois.

4. Cooper is "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross

volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce. Additionally, they have more than three employees.

## Jurisdiction And Venue

5.  The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

6.  Venue is proper in the Northern District of Illinois because all underlying facts and transactions occurred in or about Cook County, Illinois.

## Facts Common To All Claims

7.  Cooper is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

8.  Cooper is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" while he worked for Cooper; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

## COUNT I: VIOLATION OF THE FLSA

9.  Plaintiff reincorporates by reference Paragraphs 1 through 8, as if set forth in full herein for Paragraph 9.

10. Plaintiff began working for Defendants in or before October 2016 through July 2022

11. At all times, Plaintiff held the same position with Defendants, he was a plumber and automotive mechanic. Plaintiff was an "employee" of Defendants as that term is used in Section

203 of the FLSA because he was employed by Defendants to perform plumbing services and automotive mechanical services, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

12. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 47 hours per week.

13. Plaintiff was paid their wages on a(n) weekly basis.

14. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

15. Plaintiff's rate of pay was $441 per week or $8.64 per hour.

16. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

17. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

18. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

19. Plaintiff is entitled to recover unpaid minimum wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $43,717.32 in unpaid minimum wages; (ii) liquidated damages of $ 43,717.32 ;and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

**WHEREFORE**, Plaintiff Alberto Lopez Romo respectfully requests that the Court enter a judgment in their favor and against Defendant Cooper., for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $43,717.32;

B.      An award liquidated damages in an amount equal to at least $43,717.32;

C.      A declaration that Defendants violated the FLSA;

D.      An award reasonable attorneys' fees and costs; and

E.      Any such additional or alternative relief as this Court deems just and proper.

## COUNT II: VIOLATION OF IMWL

20.      Plaintiff incorporates by reference Paragraphs 10 through 19, as if set forth in full herein for this Paragraph 20.

21.      This count arises from Defendants' violation of the IMWL, by: failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

22.      Defendant's failure to pay Plaintiff the Illinois-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

23.      Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs. The amount of unpaid overtime wages owed to Plaintiff is $43,717.32.

**WHEREFORE**, Plaintiff Alberto Lopez Romo respectfully requests that the Court enter a judgment in their favor and against Defendant Cooper, for:

F.      The amount of wages worked by Plaintiff for which he was not paid overtime wages, totaling at least $43,717.32;

G.      Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS §

205/2;

H.     Declare that Defendants have violated the IMWL;

I.     Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

J.     Grant such additional or alternative relief as this honorable court deems just and proper.

                                                     Alberto Lopez Romo

                                                     s/Daniel I. Schlade
                                                     Attorney for Plaintiff

Daniel I. Schlade (ARDC No. 6273008)
James M. Dore (ARDC No. 6296265)
Attorney For Plaintiff
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-942-9415 x 103
Email: dschlade@justicialaboral.com
       danschlade@gmail.com

**<u>PLAINTIFFS DEMAND TRIAL BY JURY</u>**